**In the Matter of the Appeal of the DETERMINATION OF the RESPONSIBLE AUTHORITY FOR the SOUTH WASHINGTON COUNTY SCHOOL DISTRICT 833 that certain data concerning Hilda P. Dunbar are accurate and/or complete.**

No. C8–00–977.

Court of Appeals of Minnesota.

Nov. 21, 2000.

Peter D. Bergstrom, Thomas P. Carlson, Michelle M. Soldo, Bergstrom, Carlson & Soldo, P.L.L.P., St. Paul, for relator Independent School District 833.

Mike Hatch, Attorney General, Amy M. Kvalseth, Assistant Attorney General, St. Paul, for respondent Commissioner of Administration.

Dale C. Nathan, Eagan, for respondent Hilda Dunbar.

Considered and decided by KLAPHAKE, Presiding Judge, HARTEN, Judge, and G. BARRY ANDERSON, Judge.

## OPINION

HARTEN, Judge.

The Commissioner of Administration ordered relator school district to rescind and destroy a letter drafted by its employees expressing their concern over a child's home care. The district appeals, contending that the commissioner lacks jurisdiction because the letter was a confidential mandated report within the meaning of Minn.Stat. § 626.556, subd. 7 (1998), and that the district is not the "responsible authority" within the meaning of Minn. Stat. § 13.04, subd. 4 (1998). Because we conclude that the letter was not a mandated report and that the district is the "responsible authority," we affirm.

## FACTS

I.H., a six-month-old child whose numerous health problems included cerebral palsy, was placed in foster care with Hilda and Dick Dunbar. Three employees of relator South Washington County School District—an occupational therapist, a physical therapist, and an Early Childhood Special Education (ECSE) teacher—visited the Dunbar home to work with I.H.

The three employees wrote a letter to I.H.'s guardian ad litem (GAL) in which they expressed concerns about I.H.'s care. Their purpose was to support the guardian ad litem's "advocacy for [I.H.] as the questions of custody and appropriate care are addressed through the court system." The GAL faxed the letter to Ramsey County Child Protection, which decided not to investigate. Ramsey County Child Protection in turn sent a copy of the letter to the Professional Association of Treatment Homes (PATH), which licenses the

Dunbars. PATH investigated, reported no areas of concern, relicensed the Dunbars, and subsequently recommended increasing their capacity to three children. PATH also asserted that the comments unfavorable to the Dunbars were unfounded and that they had not violated licensing requirements.

Hilda Dunbar became aware of the letter. Through an attorney, she demanded that relator rescind the letter. Relator refused.[1] Hilda Dunbar appealed the refusal, first to relator, then to the Commissioner of Administration. Following a contested case hearing, an administrative law judge (ALJ) recommended that the letter be rescinded and destroyed.[2] The commissioner adopted the ALJ's recommendation and issued findings of fact, conclusions of law and an order that the letter be rescinded and destroyed. Relator petitioned this court for a writ of certiorari.

## ISSUES

1. Was the letter a confidential mandated report outside the commissioner's jurisdiction?

2. Was relator the responsible authority for the purpose of challenging the accuracy and completeness of the letter?

## ANALYSIS

### Standard of Review

A reviewing court may reverse or modify an administrative agency decision if substantial rights of the petitioners may have been prejudiced because the administrative decision exceeds the agency's jurisdiction or is affected by errors of law. Minn. Stat. § 14.69 (1988).

### 1. Jurisdiction

■ Whether the commissioner has jurisdiction depends on whether the letter is classified as a confidential mandated report of child neglect or abuse made pursu-

ant to Minn.Stat. § 626.556, subd. 7 (1998). If it is, the commissioner has no jurisdiction. If it is not, it is classified as public or private government data, the Dunbars have the right to challenge it pursuant to Minn.Stat. § 13.04, subd. 4(a) (1998), and the commissioner has jurisdiction to order corrections of factual errors and conclusions in it pursuant to *Hennepin County Community Servs. Dept. v. Hale*, 470 N.W.2d 159, 165–66 (Minn.App.1991), *review denied* (Minn. July 24, 1991).

Minn.Stat. § 626.556, subd. 2(e) (1998), provides that a report is "any report received by the local welfare agency, police department, or county sheriff pursuant to this section." The letter was written by three of relator's employees to I.H.'s GAL in connection with a custody dispute. The letter does not refer to itself as a report; its writers did not address or send it to a statutorily designated recipient of reports. Nothing indicates that at the time it was written, those who wrote it intended it to be a report. They were child-care professionals who presumably knew their obligation to report abuse and neglect to a welfare agency or law enforcement, not to a GAL. The letter to a GAL would not have fulfilled their obligation to report any abuse or neglect of I.H.

■ Relator argues, however, that the letter was transformed into a report when the GAL faxed a copy to a Ramsey County child protection worker who, as part of a "local welfare agency," was a designated recipient of mandated reports. Relator offers no support for the argument that faxing a document not intended to be a report to a statutorily-designated recipient transforms the document into a report, and the mandated reporter statute provides no such support. We conclude that the letter was not a mandated report of abuse or neglect. It is therefore govern-

---

1. Relator did agree to modify one factual assertion in the letter. That modification is not relevant to this appeal.

2. Relator does not contest the accuracy of any of the findings on I.H.'s treatment or condition.

**48**

ment data and falls under the jurisdiction of the commissioner.[3]

## 2. The "Responsible Authority"

■ Minn.Stat. § 13.04, subd. 4 (1998), grants the subjects of government data, who believe that data to be inaccurate or incomplete, the right to contest the data by writing to the "responsible authority." Minn.Stat. § 13.02, subd. 16 (1998), defines "responsible authority" as "the individual responsible for the collection, use, and dissemination of any set of data * * *." The Dunbars brought this action against relator school district as the "responsible authority" for its employees' letter.

Relator contends that it is not the responsible authority because the letter was transmitted to Ramsey County Child Protection, which had the responsibility for using it to protect I.H. and therefore became the responsible authority.[4] But the letter was prepared by relator's employees who collected the information and disseminated it to the GAL. The allegations in the letter were based exclusively on their observations and impressions. The accuracy and completeness of the letter were not related to any Ramsey County employee; Ramsey County had no knowledge of the sources on which the letter is based. Asking Ramsey County to evaluate its accuracy and completeness would have been futile. We conclude that relator was correctly identified as the responsible authority.

## DECISION

The commissioner has jurisdiction over the letter and relator was the responsible

authority in relation to it. The order to rescind and destroy the letter is affirmed.

**Affirmed.**

3. Because we conclude that the letter was not a mandated report, we do not address relator's argument that the commissioner is precluded by statute from ordering its rescission and destruction. That argument is predicated on the view that the letter is a mandated report not subject to challenge under Minn. Stat. § 13.04, subd. 4. We note also that this issue is raised for the first time on appeal and is therefore not properly before us. *See Fred-*

*rich v. Independent Sch. Dist. No. 720,* 465 N.W.2d 692, 696 (Minn.App.1991) (school district cannot bring issues before this court that it has not raised below), *review denied* (Minn. Apr. 29, 1991).

4. Ramsey County Child Protection chose not to investigate the matter.